## CATHARINE CRONIN *vs.* WILLIAM HAZLETINE.

A second mortgagee of land may maintain an action to foreclose his mortgage against the first mortgagee, who is in possession for the purpose of foreclosure, if the latter is also the owner of the equity of redemption; and under his execution may be put temporarily in possession, without an actual ouster of the first mortgagee.

One of two executors may assign a mortgage given to his testator. *Note.*

DEWEY, J. This is an action to foreclose a mortgage, brought by a second mortgagee of land against the assignee of the first mortgage, who has entered into possession of the premises to foreclose the same, in the presence of witnesses, as provided in the Rev. Sts. *c.* 107, § 2, and who continues in possession thereof; the tenant also holding a third mortgage on the premises, and being the absolute owner of the right in equity to redeem the plaintiff's mortgage.

To the maintenance of this action it is objected that the tenant has the prior and better title, and being in possession under that title, the demandant cannot have a conditional judgment against him for possession under the statute for foreclosure of mortgages. If this were an ordinary writ of entry seeking to establish a paramount title, and to dispossess the tenant of his possession of the premises, the title upon which he relies would constitute a defence to the action. But the present is an action to foreclose a mortgage, and under the well settled law of this commonwealth such action may be maintained, although an intervening title may prevent any continued possession by the mortgagee under his conditional judgment. Thus it lies for a mortgagee of a reversion, during the life of the tenant of the particular estate. *Penniman* v. *Hollis*, 13 Mass. 429. It lies by the mortgagee under a second mortgage against the mortgagor, although the premises were subject to a previous mortgage upon which a conditional judgment for foreclosure has been rendered, and the holders of such mortgage have taken and still hold possession under such judgment. *Amidown* v. *Peck*, 11 Met. 469. Those were, however, cases where the suits were brought against the mortgagor, and do not directly present

the question that arises here; but the principles stated in them have a strong bearing upon the present case, as they develop the nature of the action, and the power of the court in adapting the judgment to the circumstances of the case, as well as in deciding that to the maintenance of this action it is not necessary to show any right to present possession as against a particular estate, or a previous mortgagee.

The case of *Palmer* v. *Fowley*, 5 Gray, 545, is perhaps more analogous to the present. The question there arose upon the effect of an entry by a second mortgagee under Rev. Sts. *c.* 107, § 2, for the purposes of foreclosure of such mortgage, the first mortgagee being at the time in possession under an entry to foreclose his mortgage, and being also the holder of a third mortgage made by the same mortgagor. It was held that such second mortgagee might enter and take possession for the purposes of foreclosure of his mortgage, notwithstanding the possession by the first mortgagee; and that a foreclosure thus perfected would bar all subsequent mortgages and the equity of redemption, though such mortgages were held by the first mortgagee.

That case only differs from the present, it would seem, in this particular, that it presented a question of the right to foreclose by an entry in the presence of witnesses under the statute. The present raises the question of the right of the second mortgagee to avail himself of the other mode of foreclosure provided by statute — that of foreclosure by an action, and conditional judgment, and an entry under the execution. The rights of the first mortgagee are as much affected in the one case as in the other, and the judgment in the suit for foreclosure can in no way operate to divest him of his legal rights under his first mortgage.

In the present case, we are not called upon to decide the question whether a suit to foreclose a second mortgage would lie against a party having no other title or estate in the premises than that of first mortgagee. It would seem in such case unreasonable to tax the first mortgagee with costs of a suit by a second mortgage, and we express no opinion upon that matter

Here the tenant holds the estate of a third mortgagee, and also the equity of redemption, as well as that of a first mortgagee. Holding these titles, which are subsequent to the demandant's mortgage, and the mortgagor having no longer any interest in the estate, the demandant properly brought this action against the tenant to foreclose his mortgage as against the third mortgage and the equity of redemption.

The judgment will therefore be, that the demandant is entitled to a conditional judgment for the foreclosure of his mortgage ; such judgment not to operate as an ouster of the tenant from his possession under the first mortgage, or to disturb the same, but to give the demandant a right of entry under his execution to foreclose his mortgage as against subsequent mortgages and the equity of redemption. *Exceptions sustained.*

*R. T. Paine, Jr.* for the demandant.

*H. Carter,* for the tenant.*

* A similar decision was made in